IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HAROLD DAVID IDLEBIRD | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv353 |
| BEAUMONT POLICE DEPARTMENT | § | |

## MEMORANDUM OPINION

Plaintiff Harold David Idlebird, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Beaumont Police Department.

### Factual Background

Plaintiff alleges that in February, 2007, four police officers came to his residence. He states that as he approached the house, they tackled him and took him to the ground. They then used pepper spray.

### Standard of Review

Pursuant to 28 U.S.C. § 1915, a district court must dismiss a complaint if it determines the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

### Analysis

Plaintiff has named the Beaumont Police Department as the defendant in this lawsuit. The Beaumont Police Department is not a legal entity amenable to suit. *See Alcala v. Dallas County*

*Sheriff's Department*, No. 92-1853 (5th Cir. March 12, 1993) (unpublished); *Darby v. Pasadena Police Department*, 939 F.2d 311 (5th Cir. 1991). However, given that plaintiff is proceeding *pro se* and that his pleadings are to be construed liberally, plaintiff's claim against the Beaumont Police Department will be construed as a claim against the City of Beaumont. *See Alcala, supra; Darby, supra*.

A governmental unit cannot be held liable for the acts of its employees solely on a theory of respondeat superior. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Monell v. Department of Social Services*, 436 U.S. 658 (1986). A municipality can be found liable under Section 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to "official policy or custom." *Monell*, 436 U.S. at 690-91. An official custom or policy is defined as: (1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers has delegated policy making authority or (2) a persistent widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Palmer v. City of San Antonio, Texas*, 810 F.2d 514 (5th Cir. 1987).

Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an

individual to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under Section 1983 unless they execute official policy as defined above. *Id*.

Plaintiff does not allege that when the police officers came to his house and used force against him, they were acting pursuant to a municipal custom, policy or practice. Accordingly, the Beaumont Police Department and the City of Beaumont cannot be held liable for the alleged actions of its police officers. Plaintiff's complaint therefore fails to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed for failure to state a claim upon which relief may be granted. An appropriate final judgment shall be entered.

**SIGNED** this the **16** day of **August, 2011.**

_____
Thad Heartfield
United States District Judge